Wyly, J.
This is a mandamus proceeding to compel respondents to collect the drainage taxes for the first, second, third and fourth drainage districts of the city of New Orleans, and to compel them to issue writs of fieri facias on the judgments rendered on the homologation of the tableau of assessments, or the assessment rolls of each and all of the aforenamed districts, as required by act 30 of acts of 1871, and pre.vious acts in regard to the drainage of the city of New Orleans.
The court granted a rule nisi, and at the trial made the mandamus peremptory, so far as to require the respondents to issue writs of fieri faeias and collect, as provided by law, cash sufficient to pay for tbe work now done under act 30 of tbe acts of 1871, to wit: the sum of $78,358. From this judgment the respondents have appealed.
The preamble of act 30 of tbe acts of 1873, entitled “An Act to provide for the drainage of New Orleans,” is the following:
“ Whereas, the proper and efficient drainage of the city of New Orleans is of paramount importance to the sanitary and commercial interests of the city, as also to the State of Louisiana; and, whereas, the Mississippi and Mexican Gulf Ship Canal Company are prepared to immediately undertake the work with the only kind of machinery adapted thereto and now ready for use, and to prosecute the same with energy and economy to completion; therefore be it enacted,” etc.
Sections one, two, three, four and five authorize and empower the Mississippi and Mexican Gulf Ship Canal Company to build certain protection levees aud to make certain canals required for the drainage of New Orleans. 32
*498 Section six makes it the duty of the board of administrators, immediately after the passage of this act, to cause the lines of the protection levees and the canals specified in the various sections of this act to be located, and requires said board to build and run all pumps and draining machines necessary to lift the drainage water from said canals over into Lake Pontchartrain, and to keep the water in the canals in process of excavation at the proper level for the work of excavation.
Section seven provides “ that said Mississippi and Mexican Gulf Ship Canal Company shall be required to' have ready, within fifteen days after the passage of this act, machinery of sufficient power to excavate at least twenty-five thousand cubic yards per month, and to rnove the same the distance required to build the protection levees, and to increase as soon as practicable their machinery to the capacity of atdeast fifty thousand cubic yards per month.”
Section eight provides “that at the end of every month the city surveyor shall examine the work done by said company during said month, and, upon measurement of the width and depth of the canal, canals or parts of canals dug, and protection levees built, shall certify the number of cubic yards excavated and the number of cubic yards of protection levees built during said month; and on presentation of said certificate to the administrator of accounts he shall draw a warrant or warrants on the administrator of finance at fifty cents per cubic yard in payment of the work done. These warrants it shall be the duty of the administrator of finance to pay on presentation to him.”
By section nine it was enacted “that, in order to provide funds for the payment of the work to be done by the said company the three boards of draining commissioners for the drainage districts of Orleans and Jefferson, established under the acts of March 18, 1858, of March 17, 1859, and the several amendments thereto, and any and all other person, persons, or corporations, who may have them in possession, shall transfer to the board of administrators of New Orleans all moneys, assessments, and claims of drainage, in their hands, or under their control, all titles to real estate, all books, plans, tableaus, judgment in favor ot commissioners, the office furniture of said commissioners, a true statement of the claims of said commissioners against the city, to be adjudicated and settled out of the money collected by the city, and everything pertaining to said drainage districts : * * t-Provided, that all money or moneys received by the board of administrators from the said commissioners, from the collection of claims for drainage now due, lrom the collection of drainage assessments, and from any of the sources of revenue contemplated by the provisions of this section of this act, be placed to the credit of the Mississippi and Mexican Gulf Ship Canal Company, and held as a fund to be applied *499 only to the drainage of New Orleans and Carrollton, in accordance with the provisions of this act; and that all property, not money, so received, shall be held in trust for the ‘ payment of said Mississippi and Mexican Gulf Ship Canal Company.’ ” * * * By this same section it is further provided: “ That the board of administrators be and they are hereby authorized and directed to collect from the holders of property within the said districts the balance due on the assessments, as shown by the books of the first, second and third drainage districts, under acts of March 18, 1858, March 17, 1859, and the several supplementary and amendatory acts thereto, which said assessments are hereby confirmed and made exigible at such time and in such manner as the board administrators may designate ; provided, that the said board shall collect the assessments herein authorized in time to provide for the payment of the warrants to be issued to the said company at the date of their issue; also to make assessments of two mills per superficial foot in those parts of the three draining districts, as existing under and created by acts of March 18, 1858, and March 17, 1859, and amendments thereto, and on such other lands as are brought within the protection levees contemplated by this act where no assessments have been made; and to execute and enforce the same, as provided for by the several acts of .the Legislature creating and regulating said board of draining commissioners.” * * * *
Considering the provisions of this statute and the acts of the Legislature creating and regulating the duties of the drainage commissioners, to whose rights and duties the respondents have succeeded, we are of opinion that it is the ministerial duty of the respondents to collect the assessments and judgments for drainage taxes in time to meet the payment of the warrants to be issued to the Mississippi and Mexican Gulf Ship Canal Company by the Administrator of Accounts for work done by said company; and that a mandamus will lie to compel the performance of this duty. We think the court did not err in making the mandamus peremptory so far as to require the respondents to issue writs of fieri fiadas on the judgments for drainage assessments, and to collect an amount sufficient to pay relator for the warrants issued by the Administrator of Accounts, and for the work now done under act 30 of the acts of 1871. As to the objection that the relator could not acquire, and the Mississippi and Mexican Gulf Ship Canal Company could not assign their franchises to him, we will remark that it is an objection the respondents are without interest to raise. The transfer, whether in pledge or in full property, made to him by said company, has been recognized by the Legislature in act 22 of the acts of 1874, proposing an amendment to the constitution, limiting the debt of the city of New Orleans, and it is now a part of the organic law of this *500 State. After the transfer has thus been recognized by the State, the respondents can certainly raise no objection to it. They must perforin their ministerial duties, and the relator, as the transferee in ph dge of the franchises of the Mississippi and Mexican Gulf Ship Canal Com-can compel them by mandamus to do so.
Judgment affirmed.
Mr. Justice Morgan took no part in this decision.